UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| LAKE VIEW WEST CONDOMINIUM ASSOCIATION, a Washington Non-Profit Corporation,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN STATES INSURANCE COMPANY, a Massachusetts Corporation; AMERICAN ECONOMY INSURANCE COMPANY, a Massachusetts Corporation; LIBERTY MUTUAL INSURANCE COMPANY, a Massachusetts Corporation; and DOE INSURANCE COMPANIES 1-10,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES<br><br>JURY DEMAND |

The Lake View Condominium Association (the "Association") alleges as follows:

### I.  INTRODUCTION

1.1     This is an action for declaratory judgment (including money damages), breach of contract, bad faith, Consumer Protection Act ("CPA") violations, and money damages seeking:

(A)     A declaration of the rights, duties and liabilities of the parties with respect to certain controverted issues under American States Insurance Company, American Economy Insurance Company, and Liberty Mutual Insurance Company's (collectively "Liberty") policies issued to the Association. The Association is seeking a ruling that each of Liberty's policies provide coverage for hidden damage at the Lake View West Condominium complex and that Liberty is liable for

COMPLAINT FOR DECLARATORY RELIEF, BREACH OF CONTRACT, BAD FAITH, CONSUMER PROTECTION ACT VIOLATIONS, AND DAMAGES - 1

STEIN, SUDWEEKS & STEIN, PLLC
2701 First Ave., Suite 430
SEATTLE, WA 98121
PHONE 206.388.0660 FAX 206.286.2660

money damages for the cost of repairing hidden damage at the Lake View West Condominium complex.

(B) Attorneys' fees (including expert witness fees) and costs.

(C) Money damages for the cost of repairing covered damage, bad faith, breach of contract, and violations the CPA.

(D) Any other relief the Court deems just and equitable.

## II. PARTIES AND INSURANCE CONTRACTS

2.1 <u>The Association</u>. The Association is a nonprofit corporation organized under the laws of the state of Washington with its principal place of business located in King County, Washington. The Association has the duty to maintain the common elements and any limited common elements of the Lake View West Condominium complex located at 1028 Lakeview Boulevard East, Seattle, WA 98102. The Association consists of one five-story buildings comprised of 12 residential units.

2.2 <u>American States</u>. American States Insurance Company ("American States") is domiciled in Massachusetts with its principal place of business in Boston, Massachusetts. The Association is seeking coverage against all American States policies issued to the Association.

2.3 <u>AEIC</u>. American Economy Insurance Company ("AEIC") is domiciled in Massachusetts with its principal place of business in Boston, Massachusetts. The Association is seeking coverage against all AEIC policies issued to the Association.

2.4 <u>Liberty Mutual</u>. Liberty Mutual Insurance Company ("Liberty Mutual") is domiciled in Massachusetts with its principal place of business in Boston, Massachusetts. The Association is seeking coverage against all Liberty Mutual policies issued to the Association.

2.5 <u>Liberty</u>. American States Insurance Company, American Economy Insurance Company, and Liberty Mutual Insurance Company (collectively "Liberty"), issued insurance policies to the Association including but not limited to Policy Nos. 02CC181858-1, 02CC181858-2, 02CC181858-3, 02CC181858-4, 02CC181858-5, 02CC181858-6 (in effect from at least December

2, 1989 to December 30, 1994). The Association is seeking coverage against all Liberty policies issued to the Association.

2.6     Doe Insurance Companies 1–10.  Doe Insurance Companies 1–10 are currently unidentified entities who, on information and belief, sold insurance policies to the Association that identify the Lake View West Condominium complex as covered property.

2.7     Lake View West Insurers.  Liberty and Doe Insurance Companies 1–10 shall be collectively referred to as the "Lake View West Insurers."

2.8     Lake View West Policies. The policies issued to the Association by the Lake View West Insurers shall be collectively referred to as the "Lake View West Policies."

### III.     JURISDICTION AND VENUE

3.1     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction) as the parties are completely diverse in citizenship and the amount in controversy exceeds $75,000.

3.2     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as the Lake View West Insurers marketed and sold insurance to the Association in King County; a substantial part of the events giving rise to the claim, including the breach of contract, occurred in King County; and the insured condominium building is located in King County.

### IV.     FACTS

4.1     Incorporation by Reference. The Association re-alleges the allegations of paragraphs 1.1 through 3.2, above, as if fully set forth herein.

4.2     Tender to Lake View West Insurers.  On June 28, 2019, the Association tendered its claim to Liberty for hidden damage recently discovered at the Lake View West Condominium complex.

4.3     Joint Intrusive Investigation.  The Association hired an investigative firm, Evolution Architects ("Evolution"), to investigate the extent of damage at the Lake View West condominium complex. Subsequent to the claims tender, Evolution in conjunction with Liberty's consultants

performed a Joint Intrusive Investigation at the Lake View West condominium complex. This investigation revealed extensive hidden damage to sheathing, framing, and weather resistive barrier throughout the property attributable to long term, incremental and progressive water damage. According to the Association's experts, the cost to repair the hidden damage at the Lake View West condominium complex exceeds the jurisdictional limit of $75,000.

4.4     Liberty's Denial of the Association's Claim.  On October 5, 2020, Liberty unreasonably denied coverage for the Association's insurance claim.

### V.     FIRST CLAIM AGAINST THE LAKE VIEW WEST INSURERS: DECLARATORY RELIEF THAT THE LAKE VIEW WEST POLICIES PROVIDE COVERAGE

5.1     Incorporation by Reference. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 4.4, above, as if fully set forth herein.

5.2     Declaratory Relief. The Association seeks declaratory relief from the Court in the form of determinations regarding the following disputed issues:

(A)     The Lake View West Policies cover the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Lake View West Condominium complex.

(B)     No exclusions, conditions, or limitations bar coverage under the Lake View West Policies.

(C)     The loss or damage to Lake View West Condominium complex was incremental and progressive.  New damage commenced during each year of the Lake View West Policies.

(D)     As a result, the Lake View West Policies cover the cost of investigating and repairing the hidden damage to exterior building components including but not limited to exterior sheathing, framing, and weather resistive barrier at the Lake View West Condominium complex.

## VI. SECOND CLAIM: AGAINST LIBERTY FOR BREACH OF CONTRACT

6.1  <u>Incorporation.</u>  The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 5.2, above, as if fully set forth herein.

6.2  Liberty has contractual duties under the terms of its policy and/or policies to pay the cost of investigating and repairing the covered damage to the Lake View West Condominium complex.

6.3  Liberty breached its contractual duties by wrongfully denying coverage on October 5, 2020, and by failing to pay the cost of repairing the covered damage to the Lake View West Condominium complex.

6.4  As a direct and proximate result of Liberty's breach of its contractual duties the Association has been damaged in an amount to be proven at trial.

6.5  <u>Additional Damages</u>. As a direct and proximate result of Liberty's breach of its contractual duties, the Association has been forced to incur attorneys' fees, expert costs, investigation costs and other expenses in order to prosecute this action, the sole purpose of which is to obtain the benefits of the Association's insurance contracts.

## VII. THIRD CLAIM: AGAINST LIBERTY FOR INSURANCE BAD FAITH

7.1  <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 6.5, above, as if fully set forth herein.

7.2  The business of insurance is one affected by the public interest, requiring that all persons be actuated by good faith, abstain from deception, and practice honesty and equity in all insurance matters. RCW 48.01.030. An insurer has a duty to act in good faith. This duty requires an insurer to deal fairly with its insured. The insurer must give equal consideration to its insured's interest and its own interest and must not engage in any action that demonstrates a greater concern for its own financial interest than its insured's financial risk. An insurer who does not deal fairly with its insurer, or who does not give equal consideration to its insured's interest, fails to act in good faith.

7.3     The duty of good faith requires an insurer to conduct a reasonable investigation before refusing to pay a claim submitted by its insured. An insurer must also have a reasonable justification before refusing to pay a claim. An insurer who refuses to pay a claim, without conducting a reasonable investigation or without having a reasonable justification, fails to act in good faith.

7.4     Liberty had a duty to investigate, evaluate, and decide the Association's claim in good faith. Liberty breached its duty by unreasonably investigating, evaluating, and/or denying the claim by, among other things: (1) failing to acknowledge that weather conditions such as rain or wind-driven rain were one of the causes of the hidden damage at the Lake View West Condominium complex; (2) failing to acknowledge that weather conditions such as rain and wind-driven rain are covered causes of loss under its policy(s); (3) failing to acknowledge that there is coverage under its policy(s) when damage results from a concurrent combination of rain and bad construction or wear and tear; (4) failing to acknowledge that there is coverage under the resulting loss clause in its policy(s); and (5) failing to define terms in the Liberty policy pursuant to the plain meaning of the terms. In additional Liberty unreasonably delayed in coming to a coverage determination.

7.5     A violation, if any, of one or more of the Washington claim handling standards set forth below is a breach of the duty of good faith, an unfair method of competition, an unfair or deceptive act or practice in the business of insurance, and a breach of the insurance contract. Liberty's conduct violated Washington claim handling standards:

- Which require it to fully disclose all pertinent coverages.
- Which prohibit misrepresentations regarding relevant facts (e.g. the cause of damages) or coverage.
- Which prohibit the practice of refusing to pay claims without conducting a reasonable investigation.
- Which require Liberty to provide a reasonable explanation of the relevant facts, law, and policy language and how its policy language supported a denial of the Association's claim.

- Which require Liberty to adopt and implement reasonable standards for the prompt investigation of claims.

7.6     Liberty's actions and omissions, including but not limited to its denial of coverage, were unreasonable, unfounded, and frivolous under the circumstances and constitute a breach of Liberty's duty of good faith. As a direct and proximate result of the breaches, the Association has been damaged in an amount to be proven at trial.

### VIII.     FOURTH CLAIM: AGAINST LIBERTY FOR VIOLATIONS OF THE CONSUMER PROTECTION ACT

8.1     <u>Incorporation by Reference</u>. The Association re-alleges and incorporates by reference the allegations of paragraphs 1.1 through 7.6, above, as if fully set forth herein.

8.2     Violations of claims handling standards provided under the WAC are per se CPA violations. On information and belief, the conduct of Liberty was deceptive, impacted the public, and had the capacity to deceive. The Association is a consumer. As a direct and proximate result of Liberty's violations, the Association has been damaged in an amount to be proven at trial. The Association is entitled to damages, CPA penalties of up to $25,000.00 per violation, and attorneys' fees under the CPA.

### IX.     PRAYER FOR RELIEF

WHEREFORE, the Association prays for judgment as follows:

9.1     <u>Declaratory Judgment Regarding Coverage</u>.  A declaratory judgment that the Lake View West Policies provide coverage as described herein.

9.2     <u>Money Damages.</u>  For money damages against each of the Lake View West Insurers for the cost of investigating and repairing hidden damage at the Lake View West Condominium complex in an amount to be proven at trial, as well as money damages against Liberty for breach of the duty of good faith in an amount to be proven at trial.

9.3     <u>Attorneys' Fees and Costs of Suit</u>.  For reasonable attorneys' fees (including expert fees). *See Olympic Steamship Co. v. Centennial Ins. Co.*, 117 Wn.2d 37, 811 P.2d 673 (1991), and RCW

48.30.015.

9.4 <u>CPA Penalties.</u>  For CPA penalties against Liberty of up to $25,000 per violation.

9.5 <u>Other Relief.</u>  For such other and further relief as the Court deems just and equitable.

## X. DEMAND FOR JURY TRIAL

10.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Association demands trial by jury in this action of all issues so triable.

Dates the 1st day of September, 2021.

**STEIN, SUDWEEKS & STEIN, PLLC**

/s/ *Daniel J. Stein*
/s/ *Justin D. Sudweeks*
/s/ *Jerry H. Stein*
/s/ *Cortney M. Feniello*
Daniel J. Stein, WSBA #48739
Justin D. Sudweeks, WSBA #28755
Jerry H. Stein, WSBA #27721
Cortney M. Feniello, WSBA #57352
2701 First Avenue, Suite 430
Seattle, WA 98121
Email: dstein@condodefects.com
Email: justin@condodefects.com
Email: jstein@condodefects.com
Email: cfeniello@condodefects.com
Telephone: (206) 388-0660
Facsimile: (206) 286-2660

***Attorneys for Plaintiff***